**SUPREME COURT OF STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------------------------------X

GABRIELLE HOFFMAN, individually and
derivatively on behalf of G-LISH FASHIONS, INC.,

Case No:

**SUMMONS**

*Plaintiffs*,

-against-

BRETT RATTNER,

*Defendant*.

----------------------------------------------------------------X

To the above-named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to appear or answer, judgment will be taken against you by default for the relief demanded.

Dated: January 4, 2020
New York, NY

        **J. Singer Law Group, PLLC**
        *Attorneys for Plaintiffs*

        **By: /s/ Jeb Singer**
        Jeb Singer, Esq.
        222 Broadway, 19th Floor
        New York, New York 10038
        (917) 806-5832
        jsinger@singerlawgroup.com

**McLoughlin, O'Hara, Wagner & Kendall, LLP**
*Co-counsel to the Plaintiff*

By: *s/ Daniel M. O'Hara, Esq.*
    Daniel M. O'Hara, Esq.
250 Park Avenue, Floor 7
New York, NY 10177
Telephone: (212) 920-6695
Facsimile: (917) 382-3934

Email: dohara@mowklaw.com

**Defendant's Addresses:**

Brett Rattner
1400 Morgan Stanley Ave.
Unit 134
Winter Park, Florida
32789

**SUPREME COURT OF STATE OF NEW YORK**
**COUNTY OF NEW YORK**
---------------------------------------------------------------X
GABRIELLE HOFFMAN, individually and             Index No:
derivatively on behalf of G-LISH FASHIONS, INC.,

      *Plaintiffs*,

-against-                                       **COMPLAINT**

BRETT RATTNER,

      *Defendant*.
---------------------------------------------------------------X

  Gabrielle Hoffman, both individually and derivatively on behalf of plaintiff G-LISH FASHIONS, INC. ("Plaintiffs" or "Hoffman"), by and through her undersigned attorneys, as and for its Complaint against defendant Brett Rattner ("Defendant" or "Rattner", and together the "Parties"), alleges as follows:

### NATURE OF THE ACTION

  1. Plaintiff is a deeply wronged, ex-life and business partner of the Defendant of approximately fifteen (15) years.

  2. This action seeks to (1) impose a constructive trust on the Parties' New York City apartment, located at 30 East 37th St., Apartment 5K, New York, New York 10016, and known as and Block #00866 and Lot #1040 (the "Property") and (2) to seek redress for breach of an ongoing business contract and all fiduciary duties owed by the Defendant to the Plaintiff.

  3. Regarding the Property, the Plaintiff assigned her rights to the same in reliance on Defendant's express and or implied promise(s) that the Parties would jointly own the Property together for an indefinite period of time.

  4. The Defendant, through his actions and words, and among other ways, continuously and repeatedly reassured the Plaintiff that he would "take care of her financially". Plaintiff relied on repeated statements and promises such as these, over time.

1

5. The Parties have since parted ways and are no longer in any relationship, and upon information and belief, the Defendant now plans to liquidate the Property without the permission of the Plaintiff.

6. The Defendant also refuses to agree to share the net proceeds of any sale of the Property with the Plaintiff.

7. The Defendant has taken the position that he is the sole owner of the Property and that the Plaintiff has no claim or right to the Property.

8. During the relevant time period, the Plaintiff contributed her funds, time and effort into maintaining the Property in reliance on the express and or implicit understanding that the Parties were to share in the result.

9. During the relevant time period, the Plaintiff always reasonably trusted and relied upon the representations of the Defendant.

10. Plaintiff fully expected the Property to be always be considered half hers, as half owner.

11. Under the current circumstances, the Defendant has been unjustly enriched, and so the Plaintiff is now aggrieved and seeking a declaration of the rights and interests of the Parties vis-à-vis the subject Property.

12. Regarding the business concern, this action seeks compensatory damages in favor of the Plaintiff as a result of the Defendant's breach of contract and breach of fiduciary duty in connection with the Parties' shared corporate concern known as G-LISH FASHIONS, INC. Defendant used the successful fashion business as his personal candy-store to the financial detriment of the Plaintiff.

## JURISDICTION AND VENUE

12. This Court has personal jurisdiction over Defendant pursuant to New York Civil Rules ("CPLR") 302.

13. Jurisdiction over the Defendant is proper because the events giving rise to this complaint involve Defendant's (i) transaction of business in New York State; (ii) the Parties' making of the relevant contract(s) within New York State; (iii) Defendant's commission of tortious acts within New York State; and (iv) because this action involves claims as to ownership, use or possession of certain real property that lies within New York State.

14. Venue is proper pursuant to CPLR 503(a) because the transactions and occurrences giving rise to this action occurred in New York County.

## PARTIES

15. Plaintiff Hoffman is an individual and citizen of New York State, residing in New York County, New York.

16. Upon information and belief, at all times relevant derivative plaintiff was a duly-incorporate domestic New York state corporation with its principal place of business in New York County. Derivative Plaintiff is a citizen of New York State.

17. Upon information and belief, the Defendant is an individual residing at 1400 Morgan Stanley Ave., Unit 134, Winter Park, Florida 32789. Upon further information and belief, the Defendant is a citizen of Florida.

## FACTS

### The Parties

18. In or around 2003, the Parties became involved in a romantic relationship. They resided in separate apartments in New York City.

3

19. In or around 2004, the Parties decided to live together and Defendant Rattner moved into the Property, which at the time was a free-market rental apartment.

20. Thereafter, the Property was converted to a condominium.

21. The Plaintiff was the sole tenant of the Property at the time the couple began living together.

22. While living together, the couple shared living, utilities and rental expenses pursuant to a written agreement.

### The Property

23. The Property used to be a cooperative that was later converted to a condominium.

24. At or around the time of the Company's incorporation, or shortly thereafter, Rattner moved into the Property, which was, at the time, a cooperative apartment in the sole name of the Gabrielle Hoffman as lessor.

25. There came a time when the Sponsor made an offer for Ms. Hoffman to purchase the Property. The offer was for Hoffman to pay an "insider" preferential price.

26. The Parties resolved to purchase the Property together and to have Rattner hold title to the Property on behalf of both of the Parties.

27. Because of the close relationship between the Parties, Plaintiff trusted Rattner and relied on their pre-existing relationship of sharing everything in life to treat the Property as just another shared asset.

28. On several occasions, Rattner stated that he would remain life partners with Hoffman in perpetuity and make sure that she was taken care of financially. Nonetheless, Rattner refused to marry Hoffman in order to attempt to keep financial control over the couple's assets and avoid fulfilling his promises to take care of Hoffman.

29. Upon information and belief, Rattner purchased the Property with the Parties' joint funds or funds improperly withheld from Plaintiff by Rattner.

30. Upon information and belief, the funds properly belonging to Plaintiff were utilized to pay down mortgage debt and so increase the couple's joint equity in the condominium.

31. Upon information and belief, monies which were wrongfully withheld from Plaintiff were used to pay the common charges of the Property.

32. But for Plaintiff's original leasehold interest in the Property, Rattner and Hoffman would have never had the opportunity to purchase the Property as an "insiders", at an "insider" price.

**The Business**

33. In or around 2004, the Parties jointly resolved to incorporate G-Lish Fashions, Inc. ("G-Lish" or "Company").

34. Plaintiff Hoffman is a co-founder of G-Lish.

35. Plaintiff is a graduate of Parsons School of Design.

36. Plaintiff has a background in fashion design.

37. At all times relevant, G-Lish conducted business in the fashion industry.

38. Initially, Rattner's primary role was as a financial backer of G-Lish.

39. Rattner pledged to finance or fun the company's operations in exchange for Sixty Percent (60%) equity in G-Lish. Rattner and Hoffman agreed that Hoffman would own the remaining Forty Percent (40%) equity of G-Lish (the "Agreement").

40. The Parties agreed that the Company would remit Sixty-percent (60%) of its dividends to Rattner and Forty Percent (40%) to Hoffman.

41. At the time that Rattner made this agreement with Hoffman, he had no intention to

honor the Agreement.

42. Defendant never treated Plaintiff as a business partner, but rather a tool in his quest to obtain wealth.

43. Defendant shut the Plaintiff out of access to financial information about the company.

44. Defendant underpaid the Plaintiff W-2 or K1 income.

45. Defendant purportedly attempted to compensate the Plaintiff by and through paying certain living expenses.

46. The personal and business relationship between the Parties is inextricably linked and provided the perfect scenario within which Rattner could control the couple's personal and business finances. This placed Defendant in a superior position, a position of advantage over the Plaintiff.

47. Plaintiff was thus placed in an extreme predicament when the relationship came to an end because she had been denied access to substantially any funds.

48. Upon information and belief, the Defendant repeatedly lied to Hoffman by claiming that the Company had no profits when, in fact he was fully aware that the Company was substantially profitable.

49. Upon information and belief, the Defendant also submitted false financial information regarding the Company's profitability to the IRS in order to avoid paying proper taxes.

50. For approximately fifteen (15) years, Hoffman worked full-time for the Company relying on Rattner's representations that she was a forty percent (40%) owner of the Company.

51. Contrary to his representations, Rattner never treated the Plaintiff like an owner, and denied her the rights of ownership including the right to share in the Company's dividends.

52. Plaintiff designed and produced all of the Company's products.

53. Plaintiff maintained all factory relationships with suppliers.

54. Plaintiff closed all sales and produced all revenue for the Company.

55. Defendant's sole role was to manage the Company's finances.

### The Company's Performance

56. The Company was very successful.

57. Upon information and belief, over fifteen (15) years, G-Lish earned in excess of $10 million in profit.

58. Upon information and belief, the Company, without limitation, sold an average of over

    a. One Million Dollars ($1,000,000) per year in night gowns, cashmere, accessories and handbags, bridal, belts to Anthropologie / Urban Outfitters from 2009 to 2017;

    b. One million dollars ($1,000,000) per year in t-shirts, dresses, handbags, skirts, other jewelry accessories to Boston Proper between 2008 and 2013;

    c. Four Hundred Thousand Dollars ($400,000) in beaded tops to Cache between 2008 and 2012;

    d. Two Hundred Thousand Dollars ($200,000) in beaded handbags to Nordstrom from 2010 to 2017;

    e. One Hundred Fifty Thousand Dollars ($150,000) in sequin dresses to Steinmart in 2018;

    f. Four Hundred Thousand Dollars ($400,000) in beaded t-shirts to distributor clients in Spain and Germany from 2004 to 2017;

    g. Five Hundred Thousand Dollars ($500,000) in orders from boutiques and other

customers;

h. Three Hundred Thousand Dollars ($300,000) to sales representatives.

59. Upon information and belief, the Company's revenues thus were between Three Million Dollars ($3,000,000) and Four Million Dollars ($4,000,000).

60. Upon information and belief, the Company's costs were between One Million Dollars ($1,000,000) and Two Million Dollars ($2,000,000) per year.

61. Thus, upon information and belief, the Company earned between One Million Dollars ($1,000,000) and Three Million Dollars ($3,000,000.00) per year in profits.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment – Individual Claim of Hoffman)**

62. Plaintiff Hoffman repeats, reiterates and realleges each of the foregoing allegations of this Complaint, as if they are more fully set forth herein.

63. Defendant made either an express or implied promise to the Plaintiff that he would take the opportunity given to buy Plaintiff's apartment and they would both jointly own it and share in its equity and value.

64. Defendant has broken said promised and now, with title in fee simple being solely in the name of the Defendant, the Defendant has been unjustly enriched.

65. The Plaintiff, pursuant to Section 1501 of the Real Property Actions and Proceedings Law, is entitled to a declaration that she holds a present, vested, beneficial interest in the Property as a tenant-in-common.

66. Plaintiff has been damaged and so requests a declaratory judgment that she is an owner of the Property as a tenant-in-common with Rattner, and that the Court impose a

constructive trust over the Property together with such other and further relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract - Individual Claim of Hoffman)

67. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint, as if they are more fully set forth herein.

68. Plaintiff and Defendant agreed to co-purchase the Property together.

69. The Parties agreed that Defendant would hold title to the Property for the benefit of both individuals.

70. In consideration for Defendant purchasing the Property with funds belonging to both the Parties, Plaintiff also agreed to cooperate in the purchase transaction and to assign her shareholder interest in the Property.

71. In cooperating and facilitating the purchase of the Property, Plaintiff relied on the representations and mutual understanding that the Property would be jointly owned between them.

72. Throughout their time living in the Property, the Parties jointly handled the payment of all expenses.

73. Now that the Defendant seeks to sell the Property to the exclusion of Plaintiff, there has been a breach of the contract between the Parties.

74. Plaintiff has been damaged in a sum to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACITON
### (Breach of Fiduciary Duty – Individual Claim of Hoffman)

75. Plaintiff repeats, reiterates and realleges each of the foregoing allegations of this Complaint as if more fully set forth herein.

76. A confidential or special relationship of closeness existed between the Parties. They were life partners for approximately fifteen years. They were also business partners. Plaintiff trusted Defendant with operating the business's finances.

77. Defendant owed Plaintiff a fiduciary duty.

78. Defendant breached his fiduciary duty to the Plaintiff by refusing to turn over dividends which he controlled and were held on his behalf.

79. Plaintiff has been economically harmed and is entitled to compensatory damages. Plaintiff Hoffman demands judgment against Rattner for actual and compensatory damages, for costs herein incurred and for such other and further relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Business Contract – Individual Claim of Hoffman)

80. Plaintiff Hoffman repeats, reiterates and realleges each of the foregoing allegations of this Complaint, as if they are more fully set forth herein.

81. Pursuant to the Agreement, Rattner was obligated to ensure that Hoffman had access to the books, records and other financial performance of the Company.

82. Rattner was obligated to cause G-Lish to pay Hoffman no less than 40% of all dividends paid by the Company.

83. Rattner breached his obligations by continually affirmatively, purposefully and intentionally concealing the Company's books and records.

84. Rattner breached his obligation to cause G-Lish to pay Hoffman no less than 40% of all dividends paid by the Company.

85. At all times relevant, Rattner withheld the payment of any dividends to Hoffman.

86. Instead, Rattner paid all dividends to himself to the tune of millions of dollars.

87. Plaintiff Hoffman demands judgment against Rattner for actual and compensatory

10

damages, for costs herein incurred and for such other and further relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of Fiduciary Duty – Hoffman individually and derivatively for G-Lish)

88. Plaintiffs repeat, reiterate and reallege each of the allegations of this Complaint as if more fully set forth herein.

89. Even though demand is technically futile, on or about August 13, 2020, the undersigned counsel sent a "Notice of Demand for Consent to Initiate Breach of Fiduciary Duty Action" pursuant to Section 626 of the New York Business Corporation Law demanding Rattner to join in this breach of fiduciary duty lawsuit.

90. Rattner did not respond.

91. At all relevant times, Rattner acted as a manager of the Company via his part-time role managing the financial affairs of the Company.

92. At all relevant times, Rattner owed fiduciaries duties including the duty of candor and duty of loyalty to G-Lish and to its shareholders including Hoffman.

93. Despite several requests for information about the financial affairs of the Company, Rattner systematically and routinely withheld all such information from Hoffman in plain breach of his duty of candor.

94. In further breach of this duty of candor, Rattner regularly made the false claim that the Company was losing money when in fact the Company remained operational and, upon information and belief, profitable for more than thirteen (13) years.

95. Rather than operating the business or the benefits of all the shareholders, Rattner, at all times relevant, has acted for his sole and exclusive benefit.

96.     Rattner regularly and systematically misappropriated funds from the business to his personal accounts without making any distributions to Hoffman as a shareholder.

97.     Plaintiffs demand judgment against Rattner for actual and compensatory damages, for an accounting, for costs herein incurred and for such other and further relief as this Court deems just and proper.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(i)     On the first cause of action, a declaration of the rights and interests of the Parties to the Property, declaring that Plaintiff is an owner of the Property as a tenant-in-common and that relief in the form of the imposition of a constructive trust be made of the Property in Plaintiff's favor;

(ii)    On the second cause of action, actual and compensatory damages, costs herein incurred and for such other and further relief as this Court deems just and proper in an amount to be determined at trial but in no case less than Five Million Dollars ($5mm) and such other and further relief as the Court deems just, proper and equitable;

(iii)   On the third cause of action, actual and compensatory damages, costs herein incurred and for such other and further relief as this Court deems just and proper in an amount to be determined at trial but in no case less than Five Million Dollars ($5mm) and such other and further relief as the Court deems just, proper and equitable.

(iv)    On the fourth cause of action, actual and compensatory damages, an accounting, for costs herein incurred and for such other and further relief as this Court deems just and proper amount to be determined at trial but in no case less than Five Million Dollars ($5mm) and such other and further relief as the Court deems just, proper and equitable.

(v) On the fifth cause of action, actual and compensatory damages, an accounting, for costs herein incurred and for such other and further relief as this Court deems just and proper amount to be determined at trial but in no case less than Five Million Dollars ($5mm) and such other and further relief as the Court deems just, proper and equitable.

<u>**JURY TRIAL DEMANDED**</u>

**WHEREFORE**, Plaintiff demands a trial by jury on all of the above issues.

Dated: New York, NY
January 4, 2021

           **J. Singer Law Group, PLLC**
           *Attorneys for Plaintiffs*

           By: <u>**/s/ Jeb Singer**</u>
               Jeb Singer, Esq.
               222 Broadway, 19th Floor
               New York, New York 10038
               (917) 806-5832
               jsinger@singerlawgroup.com

**McLoughlin, O'Hara, Wagner & Kendall, LLP**
*Co-Counsel for Plaintiffs*

By: <u>**/s/ Daniel M. O' Hara, Esq,**</u>
Daniel M. O'Hara, Esq.
250 Park Ave. Floor 7
New York, New York 10177
Telephone: (212) 920-6695
Facsimile: (917) 382-3934
Email dohara@mowklaw.com