UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
GABRIELLE HOFFMAN, etc.,

                Plaintiff,

   -against-                                                  21-cv-0052 (LAK)

BRETT RATTNER,

                Defendant(s).
------------------------------------------------x

## MEMORANDUM OPINION

LEWIS A. KAPLAN, *District Judge.*

       This case illustrates the fact that the privilege of filing a notice of pendency, known to the common law as a *lis pendens*, may be abused.

*Facts*

*The Origins of the Dispute*

       Plaintiff and defendant were in a romantic and business relationship. They lived together in a rental apartment leased by plaintiff. The building "went coop," and the sponsor offered plaintiff an opportunity to purchase the apartment at an insider price. Plaintiff assigned her right to do so to the defendant, who purchased the apartment, which thereupon and ever since has been titled in his name alone.

*The First Action*

       Years later, the parties' relationship ended, and plaintiff moved out of the apartment.

2

Defendant later departed and now has a contract to sell the apartment. When plaintiff learned of the impending sale, she sued the defendant in this court on the basis of alleged diversity of citizenship. She claimed essentially that defendant had cheated her out of a lot of money in the course of their business relationship and used at least some money that in fairness should have been hers to purchase the apartment. The complaint sought primarily compensatory damages. It included, however one claim for relief in the nature of a declaratory judgment that plaintiff holds an interest in the apartment as a tenant-in-common and seeking a constructive trust on the apartment. Plaintiff filed a notice of pendency with respect to the apartment the effect of which would have been to prevent defendant from closing on the sale. *Hoffman v. Rattner,* No. 20-cv-8839 (LAK) (S.D.N.Y. filed Oct. 22, 2020).

The Court noticed at least a technical defect in the complaint's jurisdictional allegations – the complaint alleged diversity of *residence*, not diversity of *citizenship*. It therefore issued an order requiring plaintiff to amend the complaint to include sufficient jurisdictional allegations or suffer dismissal. Plaintiff did not comply with the order, but the case remained pending.

On December 21, 2020, defendant moved to dismiss the complaint for legal insufficiency and to cancel the notice of pendency. On December 22, the Court issued an order to show cause why the notice of pendency should not be cancelled and required plaintiff to respond on or before December 28, 2020. Then, on December 23, plaintiff's counsel wrote to the Court seeking additional time within which to respond on the ground that he went on vacation with his family – after having been served on December 22 with the order to show cause -- and would not return until December 28. Nevertheless, the Court extended plaintiff's time to respond until 3 pm on December 31.

3

At 1:22 pm on December 31, plaintiff's counsel filed a purported notice of voluntary dismissal of the action without prejudice, on the purported ground that the he had erred in pleading diversity jurisdiction.[1] 20-cv-8839 (LAK), Dkt 21. This, however, left the notice of pendency in place, thus continuing the impediment to defendant's ability to close the sale.

At 5:20 pm, defendant filed a new motion to cancel the notice of pendency and to expedite that motion.

At 10:12 pm on New Year's Eve, the Court set an expedited briefing schedule on defendant's motion and set argument for Monday morning, January 4. Plaintiff's counsel responded to that order with the contentions that the notice of dismissal deprived the Court of jurisdiction and that the Court therefore could not cancel the notice of pendency although he claimed that he "intend[ed] to voluntarily withdraw the NOP without delay."

The Court heard argument on the morning of January 4 and granted the defendant's motion to expedite and cancel the notice of pendency. Its written order, confirming its bench ruling, was filed at 10:10 am. But that is not the end of the tale.

*The Second Action*

At 1:44 pm, just three hours after this Court vacated the notice of pendency in the first action, plaintiff filed a new action in the Supreme Court of the State of New York, New York County and a new notice of pendency. The complaint is substantially identical to the complaint in the first action, save that it cured the technical defect in the jurisdictional allegations. The new

---

[1] As noted in an earlier filing, it is far from clear that the notice of pendency was permissible in light of defendant's having filed a Rule 12(b)(6) motion to dismiss the complaint which relied on materials outside the complaint, thus arguably making it a motion for summary judgment. The Court has not yet decided this issue.

complaint squarely alleges that plaintiff is a citizen of New York and defendant a citizen of Florida.

Defendant immediately removed the second action to this Court. On January 6, he moved to vacate the notice of pendency in this, the second, action and to award to defendant his costs and attorney's fees. The Court set an expedited schedule, and that motion is ripe for disposition.

*Discussion*

*Successive Notice of Pendency*

At common law, successive notices of pendency by the same plaintiff for the same cause of action were prohibited. *See Matter of Sakow*, 97 N.Y.2d 436, 441-42 (2002) (because "[t]he ability to file a notice of pendency is 'a privilege that can be lost if abused' . . . a plaintiff who had filed a notice of pendency in a County Court action that was cancelled for want of summons service, could not file another notice of pendency for the same cause of action in Supreme Court.").

This so-called "no second chance" rule was codified in CPLR 6516(c). *See Bank of Am., N.A. v. Kennedy*, 171 A.D.3d 1285, 1286 (3d Dept. 2019). The statute prohibits a second notice of pendency "in any action" where a notice of pendency previously had been canceled or had expired.

Here, the notice of pendency at issue on this motion was filed in a different action than the one cancelled previously in the sense that the second action was commenced in the state rather than the federal court. Nonetheless, CPLR 6516(c) permits its cancellation here.

This action in all material respects is identical to the first action. It was filed hours after the Court vacated the notice of pendency in the first action. Both actions involve substantially

the same factual allegations and causes of action, and any new causes of action or allegations arise from the same alleged wrongdoing at issue in the first action. And in both actions, Plaintiff seeks identical relief with regard to the apartment.

In addition, like the notice of pendency in the first action, the notice of pendency now at issue was filed in what in substance is a dispute about money, not real estate. The plaintiff has not resided in this apartment for years and alleges nothing that would suggest that there is any special relationship to or interest in the real property itself. Moreover, the new notice of pendency, like the earlier one, was filed for the obvious purpose of clouding title to the apartment and thus blocking the closing that is scheduled to occur shortly – unless of course plaintiff receives what she views as an appropriate monetary inducement.

In *Romanoff v. Romanoff*, 125 A.D.3d 415 (1st Dept. 2015), the Appellate Division held that the "no second chance" rule in CPLR 6516(c) was applied aptly "in light of [plaintiff's] attempts to place a cloud on title of the property so as to leverage a buyout of his purported interest . . . which he has sought to accomplish through this action and another between essentially the same parties, under the same theories, and seeking identical relief from the same defendant." *See also Tavitian v. Tavitian*, 2010 WL 11474708, at *1 (Sup. Ct. N.Y. Co. Apr. 13, 2010), *aff'd*, 83 A.D.3d 1045 (2d Dept. 2011) ("Inasmuch as the second action includes the original allegations . . . concerning the same conveyance and the remaining causes of action arise out of this alleged wrongdoing, plaintiff may not circumvent the statute by merely commencing a second action.").

On the facts of this case, the Court agrees. That is especially so in light of the reprehensible action of plaintiff's counsel who – rather than litigating the propriety of the first notice of pendency and the sufficiency of the complaint in that first action – first stalled responding to the motions in the first action and then, having delayed until the New Year's holiday weekend –

6

purported to drop the first action for a specious reason and refiled it in state court. Counsel's explanation that he did so because he realized that diversity of citizenship had not been pleaded adequately in the first action cannot be credited. The complaint he filed in the state court on January 4 explicitly alleged that the parties are of diverse citizenship.[2] Likewise, these circumstances belie counsel's contention that the dismissal and re-filing in state court was a legitimate attempt to amend the original complaint (it is also not lost on the Court that this would be a most unusual procedure for filing an amended complaint). Finally, the Court is unimpressed by counsel's claim that he sought, or would have sought, to withdraw the first notice of pendency after the Court ordered that it be canceled. Particularly in light of the fact that counsel filed a second notice of pendency that same day, this claim does not do nearly enough to demonstrate his good faith.

For mostly the same reasons, the Court is not persuaded by Plaintiff's argument that CPLR 6516(c) is inapplicable because the first notice of pendency was not cancelled for failure to comply with Section 6511 of the CPLR. *Deutsch v. Grunwald*, 63 A.D.3d 872, 874 (2d Dept. 2009, the case relied on by Plaintiff, allowed a successive notice of pendency after the first was canceled due to a pleading defect and "the circumstances of the second filing do not evince an attempt to ***abuse the privilege*** of filing a notice of pendency." *Id.* at 874 (emphasis added). On the facts of this case, *Deutsch* plainly does not allow Plaintiff's second notice of pendency to remain in effect.

---

[2] The Court recognizes that some cases suggest that the "no second chance" rule applies only to the successive filing of a notice of pendency in the same action. *E.g., Nationstar Mortg. LLC v. Dessingue*, 155 A.D.3d 1152, 1154–55 (3d Dept. 2017); *Deutsch v. Grunwald*, 63 A.D.3d 872, 874 (2d Dept. 2009). But in each of these cases "there [was] no identity of plaintiffs" in the two actions. *Id.* Additionally, in all the circumstances, this Court concludes that the better view is that taken by the First Department, at least on the particular facts of this case.

*Conclusion*

For the foregoing reasons, defendant's motion to cancel the notice of pendency and other relief is granted in all respects. The notice of pendency is cancelled. Plaintiff shall pay to defendant "any costs and expenses occasioned by the filing and cancellation" of the notice of pendency, which shall be fixed on motion by defendant to be filed no later than 21 days after the date of this order. The Court notes that defendant has advanced additional grounds for cancellation which it has been unnecessary to reach.

SO ORDERED.

Dated:       January 10, 2021

_____
Lewis A. Kaplan
United States District Judge