UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GABRIELLE HOFFMAN, etc.,

                    Plaintiff,

    -against-                                                  21-cv-0052 (LAK)

BRETT RATTNER,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER GRANTING LEAVE TO WITHDRAW

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on the motions of plaintiff's attorneys, Jeb Singer and Daniel O'Hara, for leave to withdraw as counsel.

*Facts*

        For some years, plaintiff Hoffman and defendant Rattner were in a romantic and business relationship and lived together in a New York City apartment that originally was rented by Hoffman but that was purchased by Rattner when the building "went coop." Both relationships came to an end. Hoffman ceased living in the apartment. Some time later, Rattner put the apartment up for sale. With a closing of the sale in view, Hoffman brought an action against Rattner,[1] principally for damages related to the former business relationship, and filed a notice of pendency ("NOP") against the apartment, which of course threatened to interfere with the closing. Rattner moved to cancel the NOP and to dismiss the complaint.

---

[1] *Hoffman v. Rattner,* No. 20-cv-8839 (LAK).

2

While those motions were pending, two notable things occurred.

First, the parties negotiated with a view toward agreeing to cancel the NOP, permitting the sale to close, and placing some or all of the sale proceeds in escrow for ultimate distribution to Hoffman to the extent of any judgment she might obtain and the balance, if any, to Rattner. But those negotiations were fruitless.

Second, Hoffman or her counsel apparently had a change of heart about their choice of forum. In any case, on New Year's Eve, they filed a notice of voluntary dismissal. On the next business day, January 4, 2021, they filed in New York Supreme Court a new action that was substantially similar to the prior action. That same day, they filed a second NOP against the apartment based on the New York action. That again threatened to stop the then imminent closing of the sale. Rattner promptly removed the new action to this Court and moved to cancel the second NOP.

In an opinion issued on January 9, 2021, this Court canceled the second NOP and directed plaintiff to pay defendant "'any costs and expenses occasioned by the filing and cancellation' of the notice of pendency, which shall be fixed on motion by defendant to be filed no later than 21 days after the date of this order."[2] Rattner then moved for attorney's fees against Hoffman and each of Hoffman's two attorneys, O'Hara and Singer.[3] Both attorneys promptly moved to withdraw as counsel pursuant to Local Civ. Rule 1.4.[4] Hoffman's *pro se* response

---

[2] Dkt. 17 at 7.

[3] Dkt. 23, 31.

[4] Dkt. 28, 36.

3

indicates that she wishes to pursue the case and would prefer to continue with at least Singer as her attorney.[5] She expresses a wish also that the lawyers not be required to pay attorney's fees or other monetary sanctions.[6]

*Discussion*

Hoffman has every right to pursue her litigation against Rattner. The difficulty, however, is that the Court already has awarded "costs and expenses occasioned by the filing and cancellation" of the NOP against Hoffman.[7] Rattner's motions raise the question of whether those costs and expenses should be imposed against Hoffman, her lawyers, or both. Not surprisingly, both Singer and O'Hara have informed the Court that the pending motions for costs, expenses, and attorney's fees present a conflict between Hoffman's interests and their own.[8]

An "irreconcilable conflict between attorney and client" is a "satisfactory reason[]" to allow an attorney to withdraw.[9] Review of Hoffman's letter as well as the attorneys' submissions suggests that there is a least a probable and quite possibly an actual conflict of interest between Hoffman, on the one hand, and her attorneys, on the other. In particular, Hoffman blames O'Hara for dismissing the original action and refiling in state court. She purports to have cautioned O'Hara

---

[5] Dkt. 40.

[6] *Id.*

[7] Dkt. 17 at 7.

[8] Dkt. 28-1 at 1, 36-1 at 2.

[9] *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01-cv-2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005).

4

not to do so because it would "make [the Court] angry."[10] This contention plainly puts Hoffman, and probably Singer, at odds with O'Hara with regard to their respective responsibility for the costs and expenses that this Court has awarded.

While Hoffman seemingly objects to Singer's motion to withdraw, nothing in her letter addresses the conflict of interest between herself and Singer. And although she claims to have cautioned O'Hara not to file the action in state court while remaining silent on the point as to Singer, Singer's role in the events leading to the January 4 filing necessarily will be at issue in allocating responsibility for that unfortunate choice. Given this conflict of interest, Singer and O'Hara must be allowed to withdraw as Hoffman's counsel.[11]

This, of course, is not the end of the road for Hoffman's claims. If she wishes, she may obtain new counsel and proceed with her suit. If she chooses, she may do so without an attorney. Despite the protracted motion practice surrounding the NOPs, this case is still in its preliminary stages. Accordingly, allowing Singer and O'Hara to withdraw will not cause substantial delay to either party. Hoffman's new counsel, once obtained, or Hoffman herself will be able to pick up where they left off without significantly disrupting the prosecution of the suit.[12]

---

[10] Dkt 40 at 1.

[11] *See Calloway v. Marvel Ent. Grp., a Div. of Cadence Indus. Corp.*, 854 F.2d 1452, 1456, 1473-4 (2d Cir. 1988) (noting that counsel "had a blatant conflict of interest and should have withdrawn" when their client could have defended against a motion for sanctions by arguing that counsel was responsible for missteps) (subsequent history omitted); *United States ex rel. Kirk v. Schindler Elevator Corp.*, No. 05-cv-2917 (SHS), 2013 WL 12323921, at *1 (S.D.N.Y. Dec. 12, 2013) (conflict of interest warranting withdrawal of counsel resulted from disagreement regarding who would pay sanctions).

[12] These circumstances support granting Singer's and O'Hara's motions to withdraw as well. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

5

*Conclusion*

For the forgoing reasons, the motions to withdraw as counsel by Daniel O'Hara and Jeb Singer [Dkt. 28, 36] are granted except that the Court retains jurisdiction over O'Hara and Singer for purposes of the pending motions or any future Rule 11 or other sanctions motions. This action is stayed until May 14, 2021 to permit plaintiff, if plaintiff wishes to do so, to engage new counsel.

SO ORDERED.

Dated:   March 19, 2021

/s/            Lewis A. Kaplan

Lewis A. Kaplan
United States District Judge