*Attn: His Honor Judge Lewis Kaplan* (handwritten)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIELLE HOFFMAN, etc., <br><br> Plaintiff, <br><br> vs. <br><br> BRETT RATTNER <br><br> Defendant. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO FIX THE AMOUNT OF COSTS AND FEES AWARDED BY ORDER DATED JANUARY 10, 2021** <br><br> 21-cv-00052 |

## **INTRODUCTION**[1]

*Pro se* Plaintiff, Gabrielle Hoffman, respectfully submits this response to Defendant's motions to fix the amount of costs and fees related to the notices of pendency in the above-captioned action and the earlier related action, 20-cv-08839 ("Hoffman I"). Plaintiff requests that this Court not impose on her any costs, expenses, or fees under N.Y. C.P.L.R. 6514(c).

On January 9, 2021, this Court granted Defendant's motion to cancel the second notice of pendency and, pursuant to N.Y. C.P.L.R. 6514(c), ordered Plaintiff to pay to Defendant "any costs and expenses occasioned by the filing and cancellation" of the notice of pendency. (ECF Doc. 17). Defendant then filed a memorandum and exhibits in support of its motion for attorney's fees and costs in excess of $88,000 (ECF Doc. 24). On March 19, 2021 and prior to filing a response, Plaintiff's former counsel, Jeb Singer and Daniel O'Hara, were granted their motion to withdraw as counsel. The Court noted that it retains jurisdiction over former counsel "for purposes of the pending motions or any future Rule 11 or other sanctions motions." (ECF Doc. 46). Plaintiff now responds individually in her capacity as a *pro se* litigant.

---

[1] "Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY."

# ARGUMENT

## I. Plaintiff Is Neither Individually Nor Jointly And Severally Liable for Costs, Expenses, and Attorney's Fees Under N.Y. C.P.L.R. 6514(c) Arising From Her Former Attorneys' Conduct

Any award of costs, expenses, or attorneys' fees should not be awarded against Plaintiff, either individually or jointly and severally with her former counsel. Plaintiff was not responsible for her counsel's failure to timely respond or litigate the first notice of pendency in the first action. Nor was Plaintiff responsible for the decision, strategic or otherwise, that culminated in her counsel's voluntary dismissal of the first action and the nearly immediate subsequent filing of the instant action. Therefore, any costs or expenses occasioned by the withdrawal or cancellation of the first notice of pendency in Hoffman I, and the subsequent cancellation by this court of the second notice as an impermissible successive notice, should not be awarded against Plaintiff.

In *Bunnell v. Haghigi*, the court held that costs and legal fees incurred in removing a lis pendens should be awarded against the defendant's attorney but not the attorney's client. *Bunnell v. Haghigi*, 183 F. Supp. 3d 364, 370 (E.D.N.Y. 2016). There, the defendant's counsel filed a notice of pendency after the defendant was sued for failing in good faith to secure a mortgage loan. *Id.* at 368-69. Deficiencies with the notice of pendency were raised to defendant's counsel, but counsel "refused to consent to [the notice's] withdrawal." *Id.* Additionally, counsel's signature—not the client's—appeared on the notice of pendency. The court reasoned that, irrespective of the client's objective to file a notice of pendency, it was his attorney's responsibility to ensure "that the [notice of pendency] complied with statutory requirements and

had a good faith basis." *Id.* (citing *Hulko v. Connell*, No. 83 CIV. 7760 (CSH), 1990 WL 139022, at *4 (S.D.N.Y. Sept. 18, 1990)).

Here, too, it was Plaintiff's former attorney's signature on the notice of pendency and his responsibility to ensure that it was in good faith, properly litigated, and jurisdictionally sound. As this Court described in its opinion, it was "plaintiff's counsel who—rather than litigating the propriety of the first notice of pendency and the sufficiency of the complaint in [Hoffman I]— first stalled responding to the motions in the first action and then . . . purported to drop the first action for a specious reason and refiled it in state court." *Mem. Op.*, 5–6. Therefore, to the extent that any costs, expenses, or attorneys' fees are assessed, they should not be borne by Plaintiff.

## II. Any Costs and Expenses Awarded Against Plaintiff Should Not Include Attorney's Fees

Even if this Court should find that costs and expenses under C.P.L.R. § 6514(c) should be awarded against *pro se* Plaintiff, Plaintiff should not be responsible for attorney's fees arising out of the conduct of her former counsel.

As an initial matter, C.P.L.R. § 6514(c) does not expressly direct an award of attorneys' fees. *See Hulko v. Connell*, No. 83 CIV. 7760 (CSH), 1990 WL 139022, at *4 (S.D.N.Y. Sept. 18, 1990) (finding it within the discretion of the court "to deny any costs and expenses, even where a notice of pendency filed by a plaintiff is subsequently cancelled by an order of the court"). In *Hulko*, the court disallowed an award of attorneys' fees under § 6514(c). *Id.* The court reasoned that it would be "unfair, in the application of a discretionary statute, to visit upon the client liability for attorney's fees where the party seeking the recovery charges the attorney, *and not the client*, with malice." *Id.* (emphasis added).

Here, as in *Hulko*, the attorneys' fees are based on former counsel's conduct in the case. Defendant has alleged that former counsel's conduct was "duplicative and vexatious." The attorneys' fees are, accordingly, largely derived from the conduct of Plaintiff's former counsel. *See* Doc. 25 ¶¶ 8–9.[2]

Second, an award of attorneys' fees under 28 U.S.C. § 1927 is "limited to any attorney or other person admitted to conduct cases." *See Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992) (finding that awarding attorneys' fees is appropriate against an attorney proceeding as a *pro se* litigant but not the non-attorney co-plaintiff). Sanctions under Rule 11 would similarly apply only to an attorney or party filing litigation documents. *See Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018). Here, Plaintiff has no formal legal education, and she did not become responsible for filing litigation documents until her attorneys withdrew and she became *pro se* on March 19, 2021.

### III. Plaintiff's Financial Means Are Relevant To Any Award of Costs, Expenses, or Attorneys' Fees

This Circuit has long held that "when a court awards defendants' attorney's fees, it must take into account the financial circumstances of the plaintiff." *Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 36 (2d Cir. 2012) (quoting *Sassower v. Field*, 973 F.2d 75, 81 (2d Cir. 1992); *see also Hsueh v. New York State Dep't of Fin. Servs.*, No. 15 CIV. 3401 (PAC), 2017 WL 5514520, at *1 (S.D.N.Y. Nov. 16, 2017) (reducing monetary sanctions to one-half of Plaintiffs' salary in light of his earnings). Accordingly, any attorneys' fees adjudged to be owed by Plaintiff should be calibrated to reflect her ability to pay and to avoid "financial ruin." *Id.*

---

[2] Plaintiff is unaware of any costs or expenses arising from effect of the notices of pendency on Defendant's ability to sell the property and therefore cannot address them in this memorandum.

4

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court find that she is not individually liable for costs, expenses, or attorneys' fees under N.Y. C.P.L.R. § 6514(c); 28 U.S.C. § 1927; or F.R.C.P. 11.

Dated: (6/24/2021

Gabrielle Hoffman
222 East 35th St Apt 6J
NY NY 10016

917-273-5574

These documents were handed in the appeals box last week. So Elizabeth called me yesterday. Thats why I am Re-entering them today so it will go into ECF Filing.

Thank you —
gabrielle